UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Brenda Bailey,<br><br>                Plaintiff,<br>v.<br><br>Sequim Asset Solutions, LLC aka Focus Receivables Management, LLC,<br><br>                Defendant. | Civil Action No.: 3:19-cv-2505<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Brenda Bailey, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. The Plaintiff, Brenda Bailey ("Plaintiff"), is an adult individual residing in DeSoto, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Sequim Asset Solutions, LLC aka Focus Receivables Management, LLC ("Sequim"), is a Georgia business entity with an address of 1130 Northchase Parkway,

Suite 150, Marietta, Georgia 30067, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

6.      A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to Sequim for collection, or Sequim was employed by the Creditor to collect the Debt.

9.      The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      Sequim Engages in Harassment and Abusive Tactics**

10.     Within the last year, Sequim contacted Plaintiff in an attempt to collect the Debt allegedly owed by Plaintiff's namesake (the "Debtor").

11.     On October 1, 2019, after verifying Plaintiff's address and Social Security number, Sequim advised Plaintiff she was not the Debtor and assured Plaintiff that all calls to her would cease.

12.     Nevertheless, Sequim thereafter continued calling Plaintiff in an attempt to collect the Debt, causing inconvenience and frustration to Plaintiff.

**C.      Plaintiff Suffered Actual Damages**

13.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

14. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

17. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

18. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

19. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

20. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

23. The Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

24. The Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

25. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

28. Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Texas state law.

29. The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

30. The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

31.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

33.     All acts of the Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 23, 2019

        Respectfully submitted,

        By */s/ Jody B. Burton*

        Jody B. Burton, Esq.
        CT Bar # 422773
        LEMBERG LAW, L.L.C.
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        E-mail: jburton@lemberglaw.com
        Attorneys for Plaintiff